

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-15-00124-CV

___

CAROL KEETON POOL, APPELLANT

V.

JAMES HIRAM POOL, APPELLEE

___

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV11-1167, Honorable Graham Quisenberry, Presiding

___

October 21, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Carol Keeton Pool, appearing *pro se* and as an indigent, appeals from an "Order of Enforcement and Money Judgment Nunc Pro Tunc." The order was signed on December 29, 2014. The clerk's record was filed on April 28, 2015, while the reporter's record of the hearing that resulted in the December 29th order was filed with this court on July 23, 2015. Via motion filed on August 4, 2015, Pool requested that her briefing deadline be extended from August 21, 2015 to November 13, 2015. We granted the motion in part; that is, the deadline was extended only to September 23, 2015.

On September 18, 2015, Pool moved to supplement the reporter's record with 1) "Hearing on Motion to Withdraw - November 29, 2011," 2) "Hearing on Motion to Compel - April 16, 2012," 3) "Hearing on Motion for Additional Temporary Orders - October 3, 2012," 4) "Hearing on Temporary Orders - October 23, 2012," 5) "Hearing on Motion to Withdraw - December 14, 2012," 6) "Hearing on Motion to Enforce Psychological Evaluation - February 19, 2013," 7) "Sworn statement that no hearing occurred on Motion to Enter Judgment - May 6, 2013," 8) "Sworn statement that no hearing occurred on Motion to Withdraw - December 1, 2014," and 9) her January 24, 2013 deposition. We denied the request due to her failure to describe why the items were relevant to her appeal of the December 29th Enforcement order. *See* TEX. R. APP. P. 34.6(d) (stating that if anything "relevant" is omitted from the reporter's record, the appellate court may direct the court reporter to prepare and file a supplemental reporter's record containing the omitted items).

The September 23rd briefing deadline passed without Pool filing either a brief or other document explaining why the brief was not filed. By letter dated October 5, 2015, we notified and informed her of the default and that the failure to file a brief by October 15, 2015 would result in the dismissal of her appeal for want of prosecution. Instead of filing a brief by the October 15th date, Pool moved to extend the deadline to thirty days after the appellate record was supplemented with the items described in her September 18th request, which we had denied.[1] So too did she propose that the items were needed because 1) she had the burden to secure the appellate record, 2) she paid for

---

[1] Added to her list of documents is a request for findings of fact and conclusions of law that she acknowledged the trial court "never entered." Our review of the clerk's record and docket sheet confirms that no findings of fact and conclusions of law pertaining to the December 29, 2014 order were executed by the trial court. An appellant may complain about the absence of findings of fact and conclusions of law on appeal without supplementing the record with non-existent findings.

them, 3) the hearing on the motion to enforce purportedly encompassed "allegations against Appellant for her actions *during divorce proceedings*" (emphasis in original) (though nothing was said of what the purported "actions" were or how the excluded items illustrated or impacted upon them), 4) "Appellee's history with regards to child access/visitation would be helpful in order for this court to determine the veracity of claims . . . .," 5) the "[t]rial judge rendering judgment under appeal was not [the] presiding judge during [the] above events in question and he never held a full trial on the merits prior to the decree being entered," 6) ". . . the judgment appealed represents *blind double jeopardy* placed solely upon Appellant that significantly altered without having a bill of review [sic] what she relied upon in the property division, therefore meritorious grounds exist for this court to grant extraordinary relief of having the full trial court record included . . .," 7) "Specific direction to trial court to finish Appellant's order facilitates the resolution of this appeal while premature issue of deadlines to Appellant promotes further injustice," 8) "the full balance of Appellant's original request should appear on [sic] the appellate record prior to reporters' records being considered officially 'filed,'" and 9) this court ". . . must not affirm or reverse a judgment or dismiss an appeal if the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals and the trial court can correct its action or failure to act. . . ." As can be seen, the foregoing reasons for supplementing the reporter's record not only are global in nature but also fail to address why any specific item she wants included affects her ability to attack the December 29th enforcement order or pertains to any particular issue she intends to assert. Nor does Pool aver that the trial judge admitted, took judicial knowledge of, or otherwise considered any of the

3

items listed when hearing the motion to enforce or while rendering its December 29th order. This is of import because our review of that decision is restricted to the record before the trial court. *See Daniels v. Walters*, No. 03-03-00375, 2004 Tex. App. LEXIS 3168, at *3-4 (Tex. App.—Austin April 8, 2004, pet. denied) (stating that "the appellate record consists only of evidence submitted to the trial court in the cause at issue, not of evidence submitted in other causes, even if related").

The clerk's record and supplements thereto already exceed 1,000 pages in length. The reporter's record already consists of four volumes of hearings, including those pertaining to a motion for continuance, a motion to withdraw and the motion to enforce. While supplementation may occur, we are permitted to restrict its scope to items that are "relevant" to the appeal and issues to be raised therein. We have no duty to simply permit either an appellant or appellee to clutter an already lengthy appellate record with any items they would care to. And, because Pool still has yet to show the relevance of the items in question, we again deny her motion to supplement.

Given Pool's initial attempt to secure 120 days to file an appellant's brief, her persistent attempt to supplement the appellate record and thereby delay the filing of an appellant's brief without sufficient explanation warranting such supplementation, her allowing the September 23rd briefing deadline to lapse with neither a brief nor explanation why none was filed, and her failure to file an appellant's brief by the October 15th deadline established in our October 5th letter, we dismiss the appeal for want of prosecution. However, we also extend the deadline by which she has to move for rehearing to November 23, 2015, and will entertain granting said motion should she

4

accompany it with an appellant's brief fully complying with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam